Mr. Chief Justice Cabtteb
delivered the opinion of the «court.
We have nothing before us to show that the damages in 'these cases were excessive. Being, therefore, without any ■guide upon that subject, we are not disposed to interfere with the verdicts. They are not so large as to shock the 'conscience of the court.
It is strenuously contended, however, that the plaintiff has not complied with the requirements of the incorporation laws, and is therefore without any corporate existence to maintain this action. It is true that no evidence is presented showing a compliance with the law requiring a recording of the certificate of incorporation. We think, however, that the delinquency of its trustees in -respect of this merely clerical requirement of the law, ought not to be visited upon the plaintiff.
It may show its corporate existence by other and proper ■evidence; and this we think it has done. We have evidence that through a period of fourteen years this congregation has been acting as a corporation; electing trustees.; building a house of worship; executing mortgages, and in many ways exercising the functions of a corporate body. With these manifestations of corporate power and user it is vain to deny the corporate existence of the plaintiff merely because its trustees failed to record a certificate of incorporation as required by law. That, as we have said, was a mere ■delinquency of the trustees in the performance of a clerical ■duty. It was an act to he done, not as contributing to the ■existence of the corporation, but demonstrative of its existence, and does not prevent it from showing by acts of user evidence of corporate organization and existence.
We affirm the judgment in both cases.